IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| STEVEN J. STRELZIK AND HOLLY H. STRELZIK, | : : : |
| PlaintiffS, | : Case No.: **1:17-CV-03202-ELR** |
| v. | : : |
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR IN INTERST TO BANK OF AMERICA, NATIONAL ASSOCITATION, AS SUCCESSOR BY MERGER TO LASALLE BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR CERTIFICATEHOLDERS OF EMC MORTGAETG LOAN TRUST 2001-A, MORTGATGE PASS-THROUGH CERTIFICATES, SERIES 2001-A, SELECT PORTFOLIO SERVICING INC, AND MCCALLA RAYMER LEIBERT PIERCE, LLC, | : : : : : : : : : : : : : : : |
| Defendants. | : |

## MEMORANDUM OF LAW IN SUPPORT OF MCCALLA RAYMER PIERCE, LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

COMES NOW, Defendant McCalla Raymer Pierce, LLC f/k/a McCalla Raymer, LLC ("McCalla Raymer") and, pursuant to Federal Rule of Civil

1

Procedure ("FRCP") 12(b)(6), file this their Memorandum of Law in Support of the Motion to Dismiss the Complaint (the "Complaint" or "Pl. Compl.") filed by Plaintiffs John P. Jones and Facynthni Z. Hunter( "Plaintiff"), respectfully showing this Honorable Court as follows:[1]

## I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

A. Factual Background

The instant case arises out of and concerns the non-judicial foreclosure proceedings pertaining to the real property located at 570 Londonberry Road, Atlanta, Fulton County, Georgia 30327 (the "Property")[2]. See ECF Doc. 1-1 ¶9. On or about August 18 1988, Plaintiffs obtained a loan from Georgia Federal Bank, FSB ("Georgia Federal") in the principal amount of $219,300.00 (the "Loan"). Contemporaneously with Plaintiff's retention of the Loan, Plaintiff executed a Security Deed in favor of Georgia Federal as grantee under the terms of the Security Deed, (the "Security Deed"). See ECF Doc. 1-1 ¶10. The Security Deed was recorded at Deed book 11824, Page 301 of the Fulton County, Georgia real property records.

---

[1] Additionally, "ECF Doc. ___" shall refer to this Court's docket entries in this case.
[2] As of the date of the filing of this complaint no foreclosure has occurred.

On or about September 20, 2000 the Security Deed was assigned to EMC Mortgage Corporation. (the "First Assignment"). <u>See</u> ECF Doc. 1-1 ¶11. The First Assignment was recorded on October 26, 2009 at Deed book 48476, Page 254 of the Fulton County, Georgia real property records.

On or about July 15, 2001 the Security Deed was assigned to LaSalle Bank, National Association as Trustee for Certificateholders of EMC Mortgage Loan Trust Series 2001-A. (the "Second Assignment")[3]. The Second Assignment was recorded on October 29, 2009 at Deed book 48476, Page 256 of the Fulton County, Georgia real property records. A true and correct copy of the Second Assignment is attached hereto as Exhibit A and incorporated herein by reference.

On or about July 18, 2012 a corrective assignment to U.S. Bank National Association, as Trustee, Successor in Interest to Bank of America, National

---

[3] This Court may consider the attached document in ruling on McCalla Raymer's Motion, because it is "central to the [plaintiffs'] claims," and there is no reason to doubt its authenticity. <u>See</u> <u>Maxcess, Inc. v. Lucent Techs., Inc.</u>, 433 F.3d 1337, 1340 n.3 (11th Cir. 2005) (holding that "a document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and it is undisputed in terms of authenticity"); <u>Brooks v. Blue Cross & Blue Shield of Fla., Inc.</u>, 116 F.3d 1364, 1368 (11th Cir. 1997); <u>Breckenridge Creste Apartments, Ltd. v. Citicorp Mortg., Inc.</u>, 826 F.Supp. 460, 464 (N.D. Ga. 1993), *aff'd mem.*, 21 F.3d 1126 (11th Cir. 1994) (table decision). Additionally, this Court may take judicial notice of public records not attached to the Complaint when considering this Motion. <u>See</u> <u>Bryant v. Avado Brands, Inc.</u>, 187 F.3d 1271, 1280 (11th Cir. 1999).

Association as Trustee as Successor by merger to LaSalle Bank National Association, as Trustee for Certificateholders of EMC Mortgage Loan Trust 2001-A, Mortgage Pass-Through Certificates, Series 2001-A (the "Corrective Assignment"). The Corrective Assignment was recorded on July 26, 2012 at Deed book 51457, Page 609 of the Fulton County, Georgia real property records. See ECF Doc. 1-1 ¶ pgs. 39 and 40 of 146.

B. Procedural History

On June 5, 2017, Plaintiffs filed the Complaint in this Court against Select Portfolio Servicing Inc. ("SPS"), U.S. Bank National Association, as Trustee, Successor in Interest to Bank of America, National Association, as Successor by Merger to LaSalle Bank, National Association as Trustee for Certificateholders of EMC Mortgage Loan Trust 2001-A, Mortgage Pass-Through Certificates, Series 2001-A ("Trustee"), and McCalla Raymer Leibert Pierce, LLC ("McCalla Raymer"). See ECF Doc. 1-1. The Complaint alleges the following causes of action/claims for relief: (1) Breach of Contract; (2) Quiet Title; (3) Injunctive Relief. See ECF Doc. 1-1.

McCalla Raymer now moves to dismiss the Complaint in its entirety for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.   ARGUMENT AND CITATION OF AUTHORITY

### A.   The Standard for Relief

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (alteration supplied). To avoid dismissal under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007)). A p leading containing mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S.Ct. at 1965; see also Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1949-50.

Rather, plaintiffs are required to make factual allegations which are "enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555, 127 S.Ct. at 1965. Put simply, a complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (alteration in original) (quoting Twombly, 550 U.S. at 557, 127 S.Ct. at 1955).

A plaintiff must provide "the defendant fair notice of what plaintiff's claim

is and the grounds upon which it rests." Charles H. Wesley Educ. Found., Inc. v. Cox, 408 F.3d 1349, 1352 (11th Cir. 2005) (quoting U.S. v. Baxter Int'l., Inc., 345 F.3d 866, 881 (11th Cir. 2003)); see also Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1950 (noting that Rule 8 "does not unlock the doors [. . .] for a plaintiff armed with nothing more than conclusions"). Complaints must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 007).

Although the factual allegations of a complaint must generally be taken as true when ruling on a motion to dismiss, a court should not accept "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts." Oxford Asset Mgmt. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2001). The Court may dismiss a complaint "when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir.1993).

    B.    The Complaint fails to state a claim against McCalla Raymer upon which relief may be granted

6

The Complaint is entirely absent as to any allegations or facts as to McCalla Raymer. Accordingly, the Plaintiff has failed to state a claim against McCalla Raymer, and must be dismissed as to McCalla Raymer.

As is shown above, in order to survive a motion to dismiss, **the Plaintiff's claims must possess factual allegations** that contain enough heft to show that the Plaintiffs may be entitled to the relief they are seeking. *Stephens*, 550 F.3d at 1282. (emphasis added). Additionally, "**[a] claim has facial plausibility when the plaintiff pleads factual content** that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S.Ct. at 1949. (emphasis added).

Here, Plaintiff's Complaint alleges no specific acts as to McCalla Raymer at all. In fact, outside of the case style, the jurisdiction section, McCalla Raymer is only mentioned three times. Paragraph 42 states that McCalla Raymer, along with the other Defendants scheduled a non-judicial foreclosure sale. See ECF Doc. 1-1 ¶42. Paragraph 69 asks that the Court restrain the Defendants from conducting a foreclosure sale on June 6, 2017 that did not occur. See ECF Doc. 1-1 ¶69. Paragraph 72 seeks a permanent injunction preventing McCalla Raymer and the other Defendants from proceeding with a foreclosure proceeding as the Property. See ECF Doc. 1-1 ¶72

Neither the Brach of Contract claim nor the Quiet Title claim allege any conduct by McCalla Raymer nor do they raise any claim against McCalla Raymer. McCalla Raymer was not a party to the contract nor does the complaint assert that McCalla Raymer is liable as an agent of a party to the contract. Even if that claim were raised it would fail. An agent of a disclosed principal is not liable for a principal's breach of contract. *See Phillips v. Ocwen Loan Svcg., LLC*, 92 F. Supp. 3d 1255, 1267-69 (2015) (citing O.C.G.A. § 10-6-53 to conclude that loan servicer was not liable for breach of a note and security deed to which it was not a party and merely a disclosed agent of the holder of the note and deed).

In the quiet title claim, Plaintiffs do not allege that McCalla Raymer is in any way a party to the security deed, nor do they allege McCalla Raymer has asserted any interest in the Property.

## **CONCLUSION**

Based on the foregoing, McCalla Raymer respectfully requests that this Court **GRANT** McCalla Raymer's Motion to Dismiss and dismiss McCalla Raymer as a party to this action pursuant to Federal Rule of Civil Procedure 12(b)(6) as no claim is raised against McCalla Raymer in the Complaint.

Respectfully submitted, this 30th day of August, 2017.

/s/ *Jonathan H. Kasper*
Jonathan H. Kasper
Georgia Bar No. 147895
*Counsel for McCalla Raymer Leibert Pierce, LLC*

1544 Old Alabama Road
Roswell, Georgia 30076
(678) 281-3935 – Direct Telephone
(678) 281-3935 – Direct Facsimile
Jonathan.Kasper@mrpllc.com

9

## **CERTIFICATION**

The undersigned further certifies that this document has been prepared in accordance with the formatting requirements designated in Local Rule 5.1.

Respectfully submitted, this 30th day of August, 2017.

/s/ *Jonathan H. Kasper*
Jonathan H. Kasper
Georgia Bar No. 147895
*Counsel for McCalla Raymer Leibert Pierce, LLC*

1544 Old Alabama Road
Roswell, Georgia 30076
(678) 281-3935 – Direct Telephone
(678) 281-3935 – Direct Facsimile
Jonathan.Kasper@mrpllc.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the within and foregoing **DEFENDANT MCCALLA RAYMER, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT** electronically via the ECF system to registered users and by United States Mail, postage pre-paid, in a properly address envelope to:

>Steven J. Strelzik,
>Holly J. Strelzik
>570 Londonberry Road
>Atlanta, Georgia 30327
>*Plaintiff*

Respectfully submitted, this 30th day of August, 2017.

>/s/ *Jonathan H. Kasper*
>Jonathan H. Kasper
>Georgia Bar No. 147895
>*Counsel for McCalla Raymer Leibert Pierce, LLC*

1544 Old Alabama Road
Roswell, Georgia 30076
(678) 281-3935 – Direct Telephone
(678) 281-3935 – Direct Facsimile
Jonathan.Kasper@mrpllc.com